It may be taken for granted, in this case, that it was the understanding of the parties that a title in fee simple in the lands was conveyed from Jeffreys to Fenner, the trustee. This was the understanding of Person, who drew the deed of trust; but it does not appear that the defendants were undeceived in regard to that before the sale of the land to complainant.
Person states that after the execution of the deed of trust he (21) drew another, and recommended to Outerbridge to have the last executed, as it was drawn more fully than the first, though he believed the first was sufficient for all the purposes for which it was given.
However, it seems that after the sale, but before Alston had executed his bond to Outerbridge, and before Fenner had executed the deed to Alston, Johnson, the attorney who drew the deed, informed both Fenner and Outer bridge that nothing except a life estate was conveyed by the deed of trust from Jeffreys to Fenner.
It is true, Outerbridge refused to warrant the title of the land to the complainant; but that was a fee simple title in Jeffreys, for such it was apprehended was conveyed from Jeffreys to Fenner. The ground of refusal was that Jeffreys' title in fee simple might not be good, not that he had conveyed a title less than a fee, or any title less than he had.
When Fenner and Outerbridge were informed by Johnson that only a life estate was conveyed to the former, they were apprised of an important fact relative to the title, to which Alston was a stranger. This fact they concealed. By doing so, they practiced upon Alston that which the law pronounces to be a fraud, and that at a time when they were not in a worse situation than they stood in before the sale, or, indeed, as far as it appears, at any time after the execution of the deed of trust.
I am therefore of opinion that the injunction should be made perpetual. Injunction perpetuated.
TAYLOR, C. J., concurred. *Page 20 
(22)